UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| SACKS WESTON LLC | Case No. 23-12540 (PMM) |
| Debtor | |

**FIRST INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING PROVISIONAL ADEQUATE PROTECTION; (II) SCHEDULING A FURTHER HEARING; AND (III) GRANTING RELATED RELIEF**

AND NOW, this <u>13th</u> day of September, 2023, upon consideration of the Motion of the above-captioned debtor (the "Debtor") for entry of interim and final orders (i) Determining that Certain Funds Are Not Cash Collateral; (ii) To the Extent that there is Cash Collateral, Authorizing Use Thereof and Granting Provisional Adequate Protection; (iii) Scheduling an Expedited Hearing; and (iv) Granting Related Relief (the "Motion");[1] and having heard the statements of Debtor's counsel and the statements of other parties in interest who appeared; and it appearing that the Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that the Motion is in the best interests of the Debtor; its estate, and its creditors; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

**ORDERED**, that the Motion is **GRANTED** on an interim basis to the extent provided herein; and it is further

**ORDERED**, that the Debtor is **AUTHORIZED** to use the Cash Collateral on an interim basis in accordance with the First Interim Budget (attached hereto as Exhibit A), through the date

---

[1] Capitalized terms used, but not defined, herein shall have the meaning ascribed to such terms in the Motion.

of the next hearing on the Motion (the "Interim Period") as set forth in this Interim Order; and it is further

**ORDERED**, that, as adequate protection for the use of Cash Collateral as provided in the Interim Order, the Pennsylvania Department of State ("PA DOS") and Virage SPV 1 LLC ("Virage," and collectively with PA DOS, the "Secured Creditors") are hereby granted (i) replacement liens in the Debtor's post-petition assets to the same extent, validity and priority of their respective prepetition liens, for the use and expenditure of the Accounts Funds as they existed as of the Petition Date without the necessity of filing any documents or otherwise complying with non-bankruptcy law in order to perfect security interests and record liens, with such perfection being binding upon all parties including, but not limited to, any subsequently appointed trustee either under chapter 11 or any other chapter of the Bankruptcy Code (the "Replacement Liens"), and (ii) to the extent the Replacement Liens are insufficient to secure the amount of any post-petition diminution in value of cash collateral, a superpriority administrative expense claim under section 507(b) of the Bankruptcy Code with priority in payment over any and all unsecured claims and administrative expense claims against the Debtor (the "Superpriority Claim"), and the priority of any such Superpriority Claim granted herein shall have the same priority of the prepetition liens of the holders of any such claims; and it is further

**ORDERED**, that nothing in this Order shall constitute an adjudication as to the validity, extent, or priority of any prepetition liens and security interests in the Debtor's property; and it is further

**ORDERED,** that on or before the close of business on the 2nd day of October, seven days after the First Interim Budget period ends, the Debtor shall provide by email to the Office of the United States Trustee and the Secured Creditors, a report of the Debtor's disbursements for each

of the Debtor's expense categories and comparing the Debtor's actual use of Cash Collateral with the First Interim Budget; and it is further

**ORDERED**, that a copy of this Order shall be served by the Debtor or its counsel by regular mail upon: (i) the Office of the United States Trustee; (ii) the Secured Creditors; (iii) counsel for any Official Committee of Unsecured Creditors, if one has been appointed or, if not, the Debtor's 20 largest unsecured creditors as identified in its bankruptcy petition; and (iv) any person requesting notice pursuant to Fed. R. Bankr. P. 2002, and said notice shall be sufficient and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; and it is further

**ORDERED**, that any objections to the Motion, the Debtor's further use of Cash Collateral, shall be filed with the Court and served upon proposed counsel to the Debtor, David B. Smith, Esquire, Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355, *so as to be received on or before* ~~September~~ October 18, 2023. In the event that no objections are timely filed and served in accordance with this Interim Order, the Court may enter an order granting the Motion, authorizing the Debtor's further use of the Cash Collateral, without further notice; and it is further

**ORDERED**, that a further or final hearing in accordance with Fed. R. Bankr. P. 4001(b)(2) to consider the Debtor's use of the Cash Collateral shall be heard in the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Second Floor, Courtroom 1, Philadelphia, Pennsylvania 19107 at 2:00 p.m. (Eastern Time) on October 25, 2023; and it is further

**ORDERED**, that **D**ebtor shall provide to counsel for Virage the reports required by Section 7.3 of the loan agreement by no later than September 27, 2023; it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all matters arising from or related to this Interim Order.

BY THE COURT:

*Patricia M. Mayer*

Honorable Patricia M. Mayer
United States Bankruptcy Judge

**SACKS WESTON, LLC - EXPENSES FROM PETITION DATE THROUGH SEPTEMBER 30, 2023**

| Vendor | Expense |
|---|---|
| Payroll | $5,600.00 |
| Rent | $8,250.00 |
| Storage unit | $135.00 |
| Office Expense | $50.00 |
| Postage | $50.00 |
| Total Technology - telephone | $300.00 |
| Total Technology - computer services | $1,200.00 |
| Cogent - internet | $300.00 |
| Hartford - workers comp | $35.00 |
| Hartford - business owners | $125.00 |
| Malpractice Insurance | $0.00 |
| Health Insurance/My Benefit Advisor | $3,400.00 |
| Envision/JKW prescription | $25.00 |
| Office Expense | $240.00 |
| Canon copy machine | $220.00 |
| Thomas Reuters/Westlaw | $1,100.00 |
| Scorpion - website/marketing | $1,000.00 |
| CliftonLarsonAllen - accounting | $0.00 |
| Portfolio Media - Law 360 | $150.00 |
| **TOTAL:** | **$22,180.00** |