### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| SACKS WESTON LLC | : | Case No. 23-12540 (PMM) |
| | : | |
| Debtor | : | |

### DEBTOR'S SECOND MOTION PURSUANT TO 11 U.S.C. SECTION 1121(d) OF THE BANKRUPTCY CODE FOR AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH THE DEBTOR MAY FILE AND CONFIRM A PLAN OF REORGANIZATION

Sacks Weston LLC (the "Debtor" or "Firm"), by and through its counsel, Smith Kane Holman, LLC, hereby moves for the entry of a second order extending the exclusive periods during which it may file and confirm a plan of reorganization (the "Second Exclusivity Motion") and, in support hereof, avers as follows:

### Background

1. The Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on August 25, 2023 (the "Petition Date") and continues in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is a complex litigation firm, which in its current form works primarily on class action and personal injury cases. The Firm's cases are in various jurisdictions and at various stages of litigation.

3. Reorganization of the Debtor necessarily involves complex decisions related to the Firm's pending cases and its ongoing representation of its clients. While the Firm continues to operate in the ordinary course, it has been and continues to be actively exploring a number of

options to reorganize, ranging from continuing to operate in its current or modified form to transitioning its cases to another firm.

4. Each of these scenarios involves events that will require additional time to develop and implement, all of which then must be incorporated into a plan. Relatedly, the prepetition litigation between Virage and the Firm (among others) that involves the extent to which Virage's claim is allowed and secured was removed from a Texas State Court to a Federal District Court in Texas, where its future, including whether it will be transferred to this District, is still pending.

5. Accordingly, in light of the complexity of these reorganizational issues and potential paths, the Debtor sought an extension of the § 1121(b) and (c) exclusivity periods for 60 days. The Court granted the Debtor's motion on December 13, 2023, and extended the exclusivity periods for the Debtor to file a plan and solicit acceptances of such plan until February 21, 2024 and April 22, 2024, respectively. (See Dkt. No. 85).

6. A critical legal issue in this case is whether the liens of the Firm's secured creditors continue post-petition under Bankruptcy Code Section 552 in the Firm's post-petition earnings. In light of repeated assertions by one of the Debtor's purported secured creditors, Virage SPV 1 LLC ("Virage"), that it holds a lien on such post-petition earnings, the Firm has this day filed a motion (the "§ 552 Motion") (see Dkt. No. 90) seeking a determination of its rights thereto under Bankruptcy Code Section 552.

7. The hearing on the § 552 Motion is set for February 14, 2024—only seven days before the expiration of the current exclusivity period for the Debtor to file a plan.

8. The Court's adjudication of the § 552 Motion will significantly impact the Debtor's reorganization strategy, including the Firm's decisions regarding its existing cases.

For any path that involves transition of some or all of the Firm's cases to another law firm, the structure and details of that transfer will hinge upon the Court's adjudication of the § 552 Motion. And, as a final hurdle, any transfer of the Firm's cases will require the approval of its clients, who have the sole and absolute right to determine their legal representation.

9. Particularly in light of the pending resolution of the § 552 Motion, the Debtor requests that the Court extend the § 1121(b) and (c) exclusivity periods by an additional 30 days.

### Basis for Relief Requested

10. By the Second Exclusivity Motion, the Debtor seeks an order pursuant to Section 1121(d) of the Bankruptcy Code: (i) extending the period during which the Debtor has the exclusive right to file a plan of reorganization, from the current expiration date of February 21, 2024 to March 22, 2024; and (ii) extending the period during which the Debtor has the exclusive right to solicit acceptances of such plan from the current expiration date of April 22, 2024 to May 22, 2024.

11. This Motion is the Debtor's second request for an extension of its exclusive periods and represents a proposed extension of 30 days for each period.

12. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within the 120-day exclusive period, the debtor has 180 days after the commencement of the case to obtain acceptances of such plan.

13. These exclusive periods afford a debtor a full and fair opportunity to propose a plan of reorganization and to solicit acceptances thereof without disruption to a debtor's efforts to reorganize.

14. Where the initial 120-day and 180-day exclusive periods provided for in the Bankruptcy Code prove inadequate for a debtor to file a plan of reorganization and solicit acceptances thereof, Section 1121(d)(1) of the Bankruptcy Code allows the Court to extend the debtor's exclusive periods for "cause".

15. Although the term "cause" is not defined in the statute, "cause" tends to be a flexible standard designed to balance the competing interests of a debtor and its creditors by affording the debtor an adequate opportunity to negotiate with its creditors a plan of reorganization, while recognizing creditor's rights to have substantial input in the process. No single factor is determinative to establish "cause" for extending a debtor's exclusivity.

16. In the instant case, cause for a second extension of exclusivity exists because the Debtor needs additional time to make a clear determination as to the optimal path of reorganization—particularly in light of the Court's pending resolution of the Debtor's § 552 Motion, which is scheduled for hearing on February 14, 2024.

17. Against this backdrop, it would be premature (at best), as well as a waste of time, effort and resources, including judicial resources, to require the Debtor to file a plan by February 21, 2024 to maintain its right to exclusivity.

18. The Debtor should be afforded a full and fair opportunity to negotiate, propose, and seek acceptances to a confirmable plan of reorganization. The Debtor believes that a second (and short) extension of the exclusive periods is warranted and appropriate under the circumstances and should be granted. It is submitted that the second extension requested will not prejudice the legitimate interests of any creditor and will likely afford parties in interest an opportunity to pursue to fruition the beneficial objectives of a consensual reorganization.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order in the

form attached granting the relief requested herein and such other and further relief as this Court may deem just and proper.

                                            SMITH KANE HOLMAN, LLC

Date:  January 19, 2024                   By: */s/ Nicholas M. Engel*
                                            Nicholas M. Engel, Esquire
                                            David B. Smith, Esquire
                                            112 Moores Road, Suite 300
                                            Malvern, PA 19355
                                            (610) 407-7215 Phone
                                            (610) 407-7218 Fax
                                            *Counsel to the Debtor*