**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Sacks Weston, LLC | : | Case No. 23-12540 (PMM) |
| | : | |
| Debtor | : | |

**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY OF**
**1845 WALNUT ASSOCIATES LTD.**

Sacks Weston, LLC (the "Debtor"), by and through its undersigned counsel, Smith Kane Holman, LLC, hereby files this Objection to the Motion of 1845 Walnut Associates Ltd. ("Landlord") for Relief from the Automatic Stay (the "Motion") and, in opposition to the Motion, avers as follows:

1. Denied. After reasonable investigation, the Debtor is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore they are denied. Strict proof thereof is hereby demanded.

2. Admitted.

3. Admitted in part; denied in part. The Debtor admits only entering into the Lease as alleged, but the remaining averments are denied on the basis that the Lease is a written document, the terms of which speak for themselves.

4. Admitted in part; denied in part. The Debtor admits only entering into the First Amendment to Lease as alleged, but the remaining averments are denied on the basis that the First Amendment to Lease is a written document, the terms of which speak for themselves.

5. Admitted in part; denied in part. The Debtor admits only entering into the Second Amendment to Lease as alleged, but the remaining averments are denied on the basis that the

Second Amendment to Lease is a written document, the terms of which speak for themselves.

6. Admitted in part; denied in part. The Debtor admits only entering into the Third Amendment to Lease as alleged, but the remaining averments are denied on the basis that the Third Amendment to Lease is a written document, the terms of which speak for themselves.

7. Denied on the basis that the Lease is a written document, the terms of which speak for themselves.

8. Admitted.

9. Denied on the basis that this paragraph states a legal conclusion to which no response is required. By way of further answer, the Debtor denies owing the amounts alleged.

10. Admitted.

11. Denied on the basis that this paragraph states a legal conclusion to which no response is required. The Debtor demands strict proof thereof.

12. Denied on the basis that this paragraph states a legal conclusion to which no response is required.

13. Denied on the basis that this paragraph states a legal conclusion to which no response is required. The Debtor demands strict proof thereof.

WHEREFORE, the Debtor respectfully requests that this Court enter an order denying the Motion and grant such other and further relief as this Court deems just and proper.

                                                      SMITH KANE HOLMAN, LLC

Date:  March 7, 2024                      By: */s/ David B. Smith*
                                                   Nicholas M. Engel, Esquire
                                                   David B. Smith, Esquire
                                                 112 Moores Road, Suite 300
                                                 Malvern, PA 19355
                                                 Tel: (610) 407-7216
                                                 Fax: (610) 407-7218
                                                 )dsmith@skhlaw.com
                                                 *Counsel to the Debtor*